UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN YOUNG,

    Plaintiff,

v.

JOHN A. PALAKOVICH, et.al.,

    Defendants.

CASE NO. C09-1230-JLR-BAT

**REPORT AND RECOMMENDATION**

# I. INTRODUCTION

Plaintiff, a Pennsylvania State prisoner, has submitted a *pro se* complaint under 42 U.S.C. § 1983. He has not filed a filing fee, has not moved to proceed *in forma pauperis*, and has not responded to the Court's request to correct this deficiency. Dkt. 1, 3. After screening plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court recommends that plaintiff's case be **DISMISSED**.

# II. DISCUSSION

**A. Plaintiff's Complaint**

Plaintiff alleges defendants John A. Palakovich, the warden of the Camphill Prison, a Pennslyvania Department of Corrections facility, and Mrs. Stair, a Camphill Prison employee, have kept him "in prison past [his] max date." Dkt. 1 at 3.

REPORT AND
RECOMMENDATION – 1

**B.     Venue**

Plaintiff's complaint makes claims for acts occurring in Pennsylvania and against individual defendants who appear to reside in that state. Dkt. 1. The general federal venue statute provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where at least one defendant resides, or in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b) (1982). Accordingly, plaintiff's action may not be brought in this district.

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong district, a district court may dismiss the case on the ground of improper venue. Alternatively, if justice requires, a district court may transfer the case to any district in which venue is proper. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992), *cert. denied*, 113 S.Ct. 1263 (1993) (per curiam).

Justice does not require a transfer of this case to the Eastern or Western District of Pennsylvania. In order to sustain a civil rights action, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Court declines to order that plaintiff's complaint be transferred to another district because it fails to meet the standards identified above. Specifically, plaintiff fails to allege facts demonstrating how the named defendants personally caused him harm of constitutional dimension. The only facts presented are "keep me in prison past my max date." A complaint

REPORT AND
RECOMMENDATION – 2

must state a claim of relief that is plausible on its face, which is the case "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). The factual allegations in plaintiff's complaint do not meet this standard. The complaint contains a single conclusory statement without any factual support.

Additionally, plaintiff filed his complaint without submitting a filing fee, requesting leave to proceed *in forma pauperis*, or responding to the Court's request that he correct this deficiency. Plaintiff was informed his case would be subject to dismissal if this deficiency was not corrected by September 30, 2009. Plaintiff has neither paid the filing fee nor responded to the request to submit an application to proceed *in forma pauperis*.

### III. CONCLUSION

Accordingly, the Court recommends that this action be DISMISSED with prejudice. proposed Order accompanies this Report and Recommendation.

DATED this 9th day of November, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND
RECOMMENDATION – 3